# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

MATTHEW C., )
      Plaintiff, )
)
v. ) CAUSE NO.: 2:18-cv-320-JVB-APR
)
ANDREW SAUL, Commissioner of the )
Social Security Administration, )
      Defendant. )

## OPINION AND ORDER

Plaintiff Matthew C. seeks judicial review of the Social Security Commissioner's decision denying his claims for disability insurance and supplemental security income and asks this Court to remand the case for an award of benefits. For the reasons below, the Court reverses the decision of the Commissioner of Social Security and remands the case for further proceedings.

## PROCEDURAL BACKGROUND

Plaintiff applied for disability insurance benefits and supplemental security income under Titles II and XVI. Plaintiff alleges that he became disabled on January 1, 2003. On May 1, 2009, and on December 19, 2014, Administrative Law Judges (ALJs) issued decisions denying Plaintiff's claims. Both decisions were reversed by judicial orders.

After a March 8, 2018 hearing, an ALJ issued a third order. This is the order currently before the Court. In this order, the ALJ found that Plaintiff suffered from the severe impairments of degenerative disc disease of the spine, history of back surgery, obesity, multiple sclerosis, headaches, asthma, polysubstance abuse, panic disorder, and major depressive disorder. (AR 1601). The ALJ found that Plaintiff is unable to perform any past relevant work. (AR 1620). However, the ALJ did find that jobs exist in significant numbers in the national economy that Plaintiff can perform. (AR 1620). Therefore, the ALJ found Plaintiff not disabled from January 1,

2003, through May 1, 2018, the date of the ALJ's decision. The ALJ's decision became final by nature of 20 C.F.R. §§ 404.984(d) and 416.1484(d).

## STANDARD OF REVIEW

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

## DISABILITY STANDARD

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act:

> (1) Whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether he can perform his past relevant work; and (5) whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012). The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

## ANALYSIS

Plaintiff argues that the step five analysis is not supported by substantial evidence, that the ALJ erred in evaluating whether Plaintiff meets a listing, that the analysis of opinion evidence is flawed, that the analysis of Plaintiff's subjective symptoms is erroneous, and that the ALJ failed

2

to incorporate all of Plaintiff's mental impairments in the hypothetical questions asked of the vocational expert (VE).

**A. Step Five**

At step five, the ALJ determined that there are jobs that exist in significant numbers in the national economy which Plaintiff is able to perform. The Commissioner has the burden of establishing that this is so. *Chavez v. Berryhill*, 895 F.3d 962, 963 (7th Cir. 2018). The ALJ, relying on the VE's testimony, found that Plaintiff could "perform the requirements of representative occupations such as order clerk ([Dictionary of Occupational Titles (DOC)]# 209.567-014/sedentary/SVP 2 unskilled/with approximately 17,000 jobs in the national economy), charge account clerk (DOT# 205.367-014/sedentary/SVP2 unskilled/with approximately 24,000 jobs in the national economy), and call out operator (DOT# 237.367-014/sedentary /SVP 2 unskilled/with approximately 33,000 jobs in the national economy." (AR 1621).

At the hearing, Plaintiff's counsel asked the VE how he obtained the number of jobs available in the national economy. The VE answered that "[i]t's a mathematical equation utilizing the US Department of Labor, Bureau of Labor Statistics, Occupational Employment Statistics, nationally, those jobs are SOC jobs, the crosswalk through the O*NET system in which there are derived assigned DOT codes." (AR 1700). He continued, "There's a number of jobs assigned to the SOC, a percentage then is given to a particular DOT code to determine the amount of jobs that would be assigned to the DOT code." (AR 1700-01). That is, per the VE's testimony, there is an initial quantity of jobs assigned to a Standard Occupational Classification (SOC), and the VE uses a mathematical equation to determine what percentage of those jobs in the classification are the specific DOT job in question.

When inputting the DOT codes listed above into the O*NET crosswalk, the order clerk job is matched to the SOC code 43-4151.00 Order Clerks, the charge account clerk job is matched to the SOC code 43-4111.00 Interviewers, Except Eligibility and Loan, and the call out operator job is matched to the SOC code 43-4041.02 Credit Checkers. *See* (Opening Br. 10, ECF No. 19); *see also* O*NET OnLine, www.onetonline.org. All three of these jobs have a "Specific Vocational Preparation" (SVP) level of 4 to 6. The VE listed the DOT jobs as all being unskilled. (AR 1694-92). Further, the ALJ found that transferability of job skills was not at issue because all of Plaintiff's relevant previous work was unskilled. (AR 1620). The Commissioner does not contest Plaintiff's assertion that the numbers resulting from the O*NET crosswalk are connected to SOC codes for skilled positions.

Because the initial number of jobs used in the equation is the number for the SOC, all of these jobs, including the percentage of the jobs that the VE found to pertain to the jobs that Plaintiff can perform, are SVP 4 to 6, not "SVP 2 unskilled." Unskilled work is that which can be learned in 30 days or less. 20 C.F.R. §§ 404.1568(a), 416.968(a). SVP levels 4 to 6 range from over 3 months up to and including 2 years of training. *Dictionary of Occupational Titles*, App'x C § II. Specific Vocational Preparation, 1991 WL 688702 (4th ed. 1991). Therefore, because the VE's number of jobs given to the DOT jobs are a percentage of the number of jobs for the SOC, the VE's number is not reliable, because none of those jobs are unskilled. The Commissioner has not met his burden at step five, and remand is required.

**B. Step Three**

Plaintiff argues that the ALJ erred in not finding that Plaintiff meets a listing at step three. To satisfy a step-three listing, Plaintiff must either meet or equal each criterion of the listing. *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990). An ALJ must consider evidence that would establish

4

the criteria, *Ribaudo v. Barnhart*, 458 F.3d 580, 583 (7th Cir. 2006), but she need not mention evidence that fails to establish them. *Sims v. Barnhart*, 309 F.3d 424, 430 (7th Cir. 2002).

Here, the ALJ determined that Plaintiff did not meet Listings 1.04 and 11.09(B). In finding that Plaintiff did not meet these listings, the ALJ relied on the opinion of medical expert Dr. Goldstein, who testified at the administrative hearing. The ALJ specifically noted that Dr. Goldstein testified to no positive straight leg raises. (AR 1601). The ALJ gave this opinion great weight. However, Plaintiff asserts, and the Commissioner concedes, that Plaintiff had positive straight leg raises. *See* (Opening Br. 13, ECF No. 19 (citing AR 281-85, 392-408, 417)), (Resp. 8, ECF No. 20). The reliance on Dr. Goldstein's opinion appears to be misplaced, given that the objective medical evidence counters his testimony. This discrepancy between the testimony and the evidence calls into question the adequacy and completeness of Dr. Goldstein's review of the record.

### C. Evidence Submitted After the Hearing

Plaintiff also argues that it was error for the ALJ to refuse to consider a 2018 letter filed more than 5 days after the administrative hearing. The regulations provide that a Social Security claimant "must inform us about or submit any written evidence . . . no later than 5 business days before the date of the scheduled hearing." 20 C.F.R. § 404.935(a). But, if this deadline is missed, the ALJ "will accept the evidence if he or she has not yet issued a decision" and if one of the permitted reasons are met. 20 C.F.R. § 404.935(b). Because this matter is being remanded, this issue is moot, as Plaintiff will have the opportunity to submit the evidence at issue before the next administrative hearing.

5

## D. Other Arguments and Request for Award of Benefits

Plaintiff makes additional arguments, but in the interest of judicial economy, the Court will not address them here. This case must be remanded. Plaintiff argues that this case should be remanded for an award of benefits instead of a new hearing.

"Courts have the statutory power to affirm, reverse, or modify the Social Security Administration's decision, with or without remanding the case for further proceedings." *Allord v. Astrue*, 631 F.3d 411, 415 (7th Cir. 2011) (citing 42 U.S.C. § 405(g)). However, "[o]bduracy is not a ground on which to award benefits." *Briscoe*, 425 F.3d at 357. Only if the record provides "no reasoned basis for the denial of benefits," then an award of benefits is appropriate. *Wilder v. Apfel*, 153 F.3d 799, 804 (7th Cir. 1998); *accord Israel v. Colvin*, 840 F.3d 432, 441-42 (7th Cir. 2016); *see also Allord*, 631 F.3d at 417 ("It remains true that an award of benefits is appropriate only if all factual issues have been resolved and the record supports a finding of disability." (quoting *Briscoe*, 425 F.3d at 356)).

The Court notes that this is the third time Plaintiff's claims have been before it for review. Still, the Court cannot say that all factual issues have been resolved and the record supports a finding of disability. For example, the factual issue of whether there are jobs in significant numbers that Plaintiff can perform remains unresolved. Certainly, the VE did not present such evidence, but neither did the VE state that there are no jobs available or that the jobs the VE stated (and that the Court, in this Opinion and Order, rejected) were the only jobs available to Plaintiff. The ALJ's reliance on Dr. Goldstein's opinion, which misstates a part of the record on an issue that the ALJ noted in relying on the opinion, is problematic, but that does not mean that the ALJ could not have properly resolved this issue in a way that supported the ALJ's decision. The Court's job is not to reweigh the evidence, so remand for further proceedings, and not an award of benefits, is required.

**CONCLUSION**

Based on the foregoing, the Court hereby **GRANTS with relief different than requested** Plaintiff's request in his Opening Brief [DE 19]. The Court **REVERSES** the decision of the Commissioner of Social Security and **REMANDS** this matter for further administrative proceedings. The Court **RECOMMENDS** that this matter be assigned to a different ALJ.

SO ORDERED on January 27, 2020.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT
